IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWEY L. BARTLETT,<br><br>        Plaintiff,<br><br>    vs.<br><br>N. DAYALAN, I. GREWAL, C. SINNACO, DR. KRISHNA, P. BARKER, B. SULLIVAN, N. GRANNIS, A. ROSENTHAL, E. ALAMEIDA, M. FRIEDMAN, P. GULLEY, K. HILLIARD,<br><br>        Defendants. | No. C 04-0227 JSW (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A NOTICE OF INTENT TO PROSECUTE AND INSTRUCTIONS TO THE CLERK** |

On January 15, 2004, Plaintiff, a California prisoner, filed a *pro se* civil rights action under 42 U.S.C. § 1983. On April 20, 2004, Plaintiff filed a change of address form, which provided an address outside the prison system. On June 1, 2004, this Court dismissed the complaint with leave to amend and granted Plaintiff leave to proceed *in forma pauperis* (dockets no. 6, 7). On July 2, 2004, Plaintiff filed an amended complaint (docket no. 9). He has not communicated with the Court since.

Plaintiff has violated no Court order through his lack of communication. However, it is unclear whether since his release from prison, Plaintiff still intends to pursue this matter. Because it is in the interests of justice and judicial efficiency for the Court to establish whether Plaintiff still intends to proceed with the prosecution of this action, the Court now issues an order directing Plaintiff to respond. Plaintiff shall file a

notice with the Court indicating whether he wishes to continue to pursue the claims set forth in his complaint **within thirty (30) days** from the date this order is filed. Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (a court should afford the litigant prior notice before dismissing for failure to prosecute).

Further, at the time that this Court granted Plaintiff's motion to proceed *in forma pauperis*, Plaintiff apparently was not incarcerated. Plaintiff's motion was granted based on his status as a prisoner, which was no longer current. Therefore, if Plaintiff files a notice of intent to prosecute and still wishes to proceed *in forma pauperis*, Plaintiff must file a non-prisoner motion to proceed *in forma pauperis* **within thirty (30) days** from the date this order is filed. Failure to do so will result in the denial of *in forma pauperis* status and Plaintiff will be required to pay the full filing fee.

If Plaintiff chooses to file such a motion, Plaintiff must provide the Court with his current complete financial information, as required by the form. The Court will determine anew whether Plaintiff is entitled to proceed *in forma pauperis*. If Plaintiff does not so qualify, Plaintiff will need to effect service of the complaint by himself. *See*, Fed. R. Civ. P. 4(c).

As such, the Clerk of Court is directed to vacate the Court's prior order granting *in forma pauperis* status (docket no. 6) and provide Plaintiff with a non-prisoner motion to proceed *in forma pauperis.*

IT IS SO ORDERED.

DATED: May 15, 2006

_____
JEFFREY S. WHITE
United States District Judge

2